# EXHIBIT 1

# (CMS Correspondence on Oct. 3, 2024)

**From:** CMS PartC&DStarRatings <PartCandDStarRatings@cms.hhs.gov>
**Sent:** Thursday, October 3, 2024 1:16 PM
**To:** Miller, Wesley <Wesley.Miller@lablue.com>
**Cc:** Saporito, Mary <Mary.Saporito@lablue.com>; Faulk, Sheldon <Sheldon.Faulk@lablue.com>; Patalano, Lou <Lou.Patalano@lablue.com>; CMS PartC&DStarRatings <PartCandDStarRatings@cms.hhs.gov>
**Subject:** RE: Plan Preview #2 H6453

---

**THIS EMAIL IS FROM AN EXTERNAL SENDER.**
DO NOT click links, open attachments, or share personal data if you do not know this sender.

---

For the first two issues you raised related to the MTM and SNP care management measures, we are following the technical specifications for these measures.  Data are not collected and validated for contracts that terminate prior to July 1 in the following year after the contract year (CY) reporting period (i.e., terminated contracts are not required to report any data for the respective two years – the CY reporting period, and the following year).  Based on this, we did not receive data for H5576 to use for these measures in the 2025 Star Ratings. Since H6453 did not offer SNP plans during the measurement year, there are no data for H6453 for the SNP care management measure.  Based on this, H6453 received a missing data message of 'No data available' for this measure. For the MTM measure, we calculated the measure score for H6453 as we would whenever there are missing data not due to a data integrity issue for a contract in a consolidation. We calculated the enrollment weighted average score for all contracts in the consolidation with non-missing data.  In this case, that resulted in only the measure score from H6453 being used.

For the third issue raised related to the CAI, we disagree that this change in methodology applies beginning with the 2025 Star Ratings. In the 2025 final rule, we finalized the change in methodology for calculating the CAI in the case of contract consolidations effective beginning with the 2027 Star Ratings, consistent with our policy of only applying Star Ratings calculation changes prospectively to future measurement years (here, the 2025 measurement year), and not to measurement periods that have already begun or been completed. At 89 FR 30644 we stated – "We proposed to calculate the percentage of LIS/DE enrollees and percentage of disabled enrollees used to determine the CAI adjustment factor in the case of contract consolidations based on the combined contract enrollment from all contracts in the consolidation beginning with the 2027 Star Ratings."  At 89 FR 30645, we stated – "...we are finalizing the revision at §§422.166(f)(2)(i)(B) and 423.186(f)(2)(i)(B) to calculate the percentage LIS/DE enrollees and the percentage disabled enrollees for the surviving contract for the first 2 years following a consolidation by combining the enrollment data for the month of December for the measurement period of the Star Ratings year across all contracts in the consolidation as proposed without modification."  CMS did not receive any comments to the proposed rule about the application of this change beginning with the 2027 Star Ratings.  Since the updated CAI calculation methodology was finalized as proposed without modification, it applies beginning with the 2027 Star Ratings.  Based on this, the CAI for H6453 for the 2025 Star Ratings was calculated using only data from H6453 consistent with current practice and what was displayed at the second plan preview period.

For the reasons explained above, we will not be making any changes to the 2025 Star Ratings for H6453.


Thank you,

Part C and D Star Ratings Team


---

**From:** CMS PartC&DStarRatings <PartCandDStarRatings@cms.hhs.gov>
**Sent:** Thursday, September 12, 2024 7:41 PM
**To:** Miller, Wesley <Wesley.Miller@lablue.com>
**Cc:** Saporito, Mary <Mary.Saporito@lablue.com>; Faulk, Sheldon <Sheldon.Faulk@lablue.com>; Patalano, Lou <Lou.Patalano@lablue.com>; CMS PartC&DStarRatings <PartCandDStarRatings@cms.hhs.gov>
**Subject:** RE: Plan Preview #2 H6453

Confirming receipt.

---

**From:** Miller, Wesley <Wesley.Miller@lablue.com>
**Sent:** Thursday, September 12, 2024 7:14 PM
**To:** CMS PartC&DStarRatings <PartCandDStarRatings@cms.hhs.gov>
**Cc:** Saporito, Mary <Mary.Saporito@lablue.com>; Faulk, Sheldon <Sheldon.Faulk@lablue.com>; Patalano, Lou <Lou.Patalano@lablue.com>

**Subject:** Plan Preview #2 H6453
**Importance:** High

Good Afternoon,

Thank you for allowing Plans the opportunity to provide feedback on the Star Rating calculation prior to finalization.

Pursuant to the CMS Memorandum dated September 5, 2024 ("Second Plan Preview of 2025 Part C and D Star Ratings Data"), HMO Louisiana, Inc. ("HMOLA") is providing notice of three (3) calculation errors identified in the Second Plan Preview STAR Ratings for its contract H6453.  These calculation errors impact HMOLA's contract H6453, which is the surviving contract following a consolidation in 2024, and result from the failure to account for data from the consumed contract (H5576).  These errors include:

1) HMOLA was unable to submit relevant measurement information data relating to D11: "MTM Program Completion Rate for CMR," which data would have resulted in an increase of this measure from <u>92% (4 Stars) to 95% (5 Stars)</u>.

2) HMOLA was unable to submit relevant measurement information data relating to C05: "Special Needs Plan (SNP) Care Management," which data would have resulted in an increase of this measure from <u>No Star Rating to 96% (5 Stars)</u>.

3) The Categorical Adjustment Index ("CAI") applied to HMOLA's contract (H6453) failed to account for enrollment data across all contracts that had been consolidated into the surviving contract.  Had the enrollment data been properly applied, the CAI applied to HMOLA's contract would have changed from <u>-0.033597 to 0.002506</u>.

The current STAR rating for HMOLA's contract (H6453) is 3.74957 (3.5 Stars).  <u>If the above errors are corrected, the new adjusted rating for the contract would increase to 3.80839 (4.0 Stars)</u>.  Notably, the correction of even one (1) of these errors would result in an increase of HMOLA's final STAR Rating from a 3.5 to a 4.0.  Therefore, if not corrected, these errors would result in a material financial impact to HMOLA in terms of loss of additional STAR quality bonus payments, which may result in fewer benefits and higher costs for members in future years.  **Attached to this correspondence is an Appendix that details the calculation errors and the effect on the overall STAR Rating.**

While we provided you with the additional information in the accompanying Appendix (including the data for measurements D11 and C05) that evidence the calculation errors, we believe the summary below provides all of the information necessary for CMS to understand the errors we have identified and correct them prior to finalization of CY 2025 STAR Ratings data.

**<u>History of Contract H6453</u>**

Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA") is the parent company to HMOLA.  <u>Prior to 2024</u>, BCBSLA and/or its subsidiaries offered products under the following H-Contracts:

- Vantage Health Plan, Inc. offered a MA HMO-POS product under **H5576** contract
- HMOLA offered a MA HMO product under **H6453** contract
- BCBSLA offered a MA PPO product under **H1248** contract
- Primewell Health Services of Mississippi, Inc. offered a MA HMO-POS product under **H7163** contract
- Primewell Health Services of Arkansas, Inc. offered a MA HMO-POS product under **H2722** contract

Effective January 1, 2024, BCBSLA consolidated contracts H5576 (offered by Vantage Health Plan, Inc.) and H6453 (offered by HMOLA), with HMOLA's contract H6453 as the surviving contract. Contracts H1248 (BCBSLA), H7163 (Primewell Health Services of Mississippi, Inc.), and H2722 (Primewell Health Services of Arkansas, Inc.) remain active and were not affected by the consolidation. HMOLA's contract H6453 is only contract at issue for the purposes of this communication. The consolidation of contracts H5576 (the consumed contract) and H6453 (the surviving contract) directly led to the calculation errors noted above.

**Errors # 1 and 2: Failure to Consider Relevant Data for Measures D11 and C05**

When contracts are consolidated, the STAR Rating for the surviving contract for the first year after consolidation is determined through the enrollment-weighted average of the measures of both the consumed contract and the surviving contract for all measures except improvement measures. Both the regulation addressing STAR Ratings following contract consolidations as well as current technical instructions for STAR Ratings contain this requirement that data from both contracts be included for the first two years following a contract consolidation. *See* 42 CFR § 422.162(b)(3)(ii); Medicare 2025 Part C & D Star Ratings Technical Notes, Appendix B, p. 115 (Draft) (Sept. 4, 2024) ("Technical Notes"). Thus, to accurately calculate the STAR Rating for contract H6453, CMS must include data from both contract H5576 and H6453 in its calculations. However, only data from HH6453 was considered in the calculation of D11 and C05.

Despite its relevance to the STAR Rating calculation for the surviving contract, HMOLA was unable to submit data for two measures for contract H5576 due to a technical issue with HPMS. Specifically, HMOLA was unable was able to submit measurement information relating to measurements D11 "MTM Program Completion Rate for CMR" and C05 "Special Needs Plan (SNP) Care," both of which are process measures. HMOLA was only able to submit information for these measures for contract H6453. As such, CMS used only partial information for these measures and, in doing so, failed to adhere to its own regulations. Again, had the relevant data been submitted relating to contract H5576, HMOLA's score for D11 would be 95%/5 Stars (as opposed to the calculated 92%/4 Stars), and HMOLA's score for C05 would be 96%/5 Stars (as opposed to the calculated No Star Rating). Both the regulations governing contract consolidation and CMS's Technical Notes require CMS to include all relevant data for the consumed contract when calculating the STAR Rating for the surviving contract. Accordingly, HMOLA requests that CMS recalculate the measure values for contract H6453 using data for measurements D11 and C05 for contract H5576.

**Error # 3: Incorrect Calculation of CAI**

The consolidation of contracts H5576 and H6453 also led to an incorrect calculation of the CAI for HMOLA contract H6453. The regulation governing application of the CAI states that, for the first two years following a consolidation, CMS determines the CAI using enrollment data from both the surviving and consumed contracts in the consolidation. 42 CFR § 422.166(f)(2)(i)(B)(1). This requirement was added to the regulation in April 2024, and the text of the regulation indicates that it became effective immediately. This is in contrast to the language addressing the calculation of the HEI reward following contract consolidation, which the regulation specifies will go into effect beginning with the 2027 STAR Ratings year. 42 CFR § 422.166(f)(2).[1] In the case of the CAI, there is nothing in the text of the regulation that suggests that the methodology for applying the CAI following a contract consolidation should not go into effect immediately. *See SCAN Health Plan v. Dep't of Health and Human Services*, No. 1:23-cv-03910-CJN, Dkt. No. 33 (D.D.C. June 3, 2024) ("[T]he real dividing point between the portions of a final rule with and without legal force is designation for publication in the Code of Federal Regulations" (citation omitted).).

To comply with the requirements in Section 422.166(f)(2), CMS must include in its CAI calculation the enrollment data from the consumed contract regarding beneficiaries who are dually eligible, receive the low-income subsidy, or have disability status. Using enrollment data from both the surviving and the consolidated contracts to determine the CAI adjustment factor is consistent with how CMS assesses plan performance in other contexts following a contract consolidation. As noted above, the regulations require CMS to combine measure-level data

between contracts in the first two years following a consolidation.  The purpose of this approach is to obtain a complete representation of plan performance when calculating STAR Ratings.  Calculating a weighted average of performance data across contracts appropriately represents consolidated performance.

Prior to the April 2024 amendments, Section 422.166 did not address how to calculate the CAI adjustment factor after a contract consolidation.  The Technical Notes are also silent on this issue. In the absence of a specific exception made for the calculation of the CAI adjustment factor, the default rule of weighing data from both the consumed and surviving contracts (as reflected in Section 422.162) should have applied to the current calculation of HMOLA's CAI, in compliance with the specific requirement in Section 422.166(f)(2).  Accordingly, HMOLA requests that CMS recalculate the CAI factor for contract H6453 using enrollment data for contract H6453 and contract H5576.[2]

Please contact us if you believe any further information is necessary or if you are unable to validate these errors.  We are happy to answer any questions you may have related to any of these issues.  Otherwise, we thank you for your review and consideration and look forward to your response.

Thank you,

**Wesley Miller, PAHM, Notary Public**
Medicare Compliance Officer
Louisiana Blue
o (225) 298-7965

Please visit us at lablue.com/social

Upcoming PTO:



This e-mail may contain confidential information which is intended only for the use of person(s) named above. If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is prohibited. If you have received this transmission in error, please notify the sender and delete this e-mail from your computer. Thank you. Blue Cross and Blue Shield of Louisiana and its subsidiaries comply with applicable federal civil rights laws and do not exclude people or treat them differently on the basis of race, color, national origin, age, disability or sex in its health programs and activities. You may access the Nondiscrimination and Accessibility Notice here . Information on Language Assistance is available here. Aquí encontrará información sobre asistencia lingüística. Des informations sur l'aide linguistique sont disponibles ici .

This e-mail may contain confidential information which is intended only for the use of person(s) named above. If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is prohibited. If you have received this transmission in error, please notify the sender and delete this e-mail from your computer. Thank you. Blue Cross and Blue Shield of Louisiana and its subsidiaries comply with applicable federal civil rights laws and do not exclude people or treat them differently on the basis of race, color, national origin, age, disability or sex in its health programs and activities. You may access the Nondiscrimination and Accessibility Notice here . Information on Language Assistance is available here. Aquí encontrará información sobre asistencia lingüística. Des informations sur l'aide linguistique sont disponibles ici .

---

[1] Similarly, when CMS changed the weights given to certain measures, it amended the regulation to specify that the new weights would go into effect starting with the 2026 STAR Ratings year.  42 CFR § 422.166(e)(1)(iii)-(iv).

[2] In the alternative, CMS has the authority, in the absence of any regulatory requirement to the contrary, to calculate the CAI in this manner following a consolidation. In light of the limited number of consolidations that occur in any given year, this rule could easily be applied to any other similarly situated organizations. For CMS to take the alternative approach for CY 2025 STAR Ratings, after already articulating that this was the "more accurate" approach, would be arbitrary and capricious.